UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-CV-19-FL

CARRIE D. RANDA,
        Plaintiff,

v.                             JOINT DISCOVERY PLAN

WILLIAM P. BARR,
Attorney General of U.S.
Department of Justice,
        Defendant.

## JOINT DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Initial Order Regarding Planning and Scheduling (ECF No. 30), Plaintiff, Carrie D. Randa, and Defendant, William P. Barr, in his official capacity as Attorney General of the U.S. Department of Justice, by counsel, hereby submit the following proposed joint discovery plan for the Court's consideration.

**I.    Rule 26(f) Conference**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a joint planning and scheduling conference by telephone on February 19, 2019, with Plaintiff appearing through Joseph E. Zeszotarski, Jr., Esq., and Defendant appearing through Assistant U.S. Attorney Daniel P. Shean.

**II.    Initial Disclosures**

The parties shall exchange by **March 26, 2019**, the information required by Federal Rule of Civil Procedure 26(a)(1).

**III. Joint Report and Plan**

A. Nature and Complexity of the Case

   1. Asserted Basis for Court's Subject Matter Jurisdiction: The parties agree that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a violation of federal law.

   2. Factual/Legal Issues: This case currently involves a claim of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Plaintiff alleges that she was terminated in retaliation for opposing unlawful employment practices under Title VII. Defendant denies Plaintiff's allegations. Plaintiff has also moved for leave to file a Second Amended Complaint ("SAC") to assert a claim of pregnancy discrimination under Title VII, as well as disability discrimination and retaliation under the Rehabilitation Act of 1973, § 504, as amended, 29 U.S.C. §§ 791(f), 794(a), 12203(a). Defendant opposes Plaintiff's motion.

   3. Breakdown of Damages: Plaintiff seeks past and future pecuniary damages, past and future compensatory damages, and injunctive relief, as well as attorney's fees, costs, and interest.

B. Information Concerning Parties' Plan for Proposed Discovery

   1. Subjects of Discovery: Discovery will be necessary with respect to liability and damages on Plaintiff's claim of retaliation under Title VII, as well as any defenses asserted in Defendant's answer thereto. In the event that the Court grants Plaintiff's motion for leave to file the SAC, then the scope of discovery shall also

include liability and damages on each claim that the Court permits to go forward, as well as any defenses asserted in Defendant's answer to the same.

2. Categories of Discovery and Proposed Limitations

    a. Interrogatories: In accordance with Federal Rule of Civil Procedure 33(a), each party is permitted a maximum of **25 interrogatories**, including all discrete subparts.

    b. Requests for Production: In accordance with Federal Rule of Civil Procedure 34, there shall be no limit on the number of requests for production of documents.

    c. Requests for Admission: In accordance with Federal Rule of Civil Procedure 36, there shall be no limit on the number of requests for admission.

    d. Depositions: Each party is permitted a maximum of **10 depositions**, including experts.

    e. Electronic Service: Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties agree that service of interrogatories, requests for production, requests for admission, and deposition notices shall be made by electronic mail, and that service shall be complete upon electronic transmission, unless the sender learns that the document did not reach the person to be served.

3. Disclosure/Discovery of ESI: The parties agree that they will take appropriate steps to preserve electronic data and will notify all other individuals who may have electronically stored information relevant to the claims and defenses in this

case of their obligation to preserve electronic data. In the event that disclosure or discovery of electronically stored information is necessary, the scope of discovery shall be defined by Federal Rule of Civil Procedure 26(b)(1) and (2). Any electronically stored information should be produced in image file format (i.e. PDF/JPEG) and/or read-only media, such as CD-ROMs. The parties shall provide native files of specifically identified documents upon request.

4. Claims of Privilege/Trial-Preparation Material

    a. Privilege Log Protocol: Plaintiff agrees that Defendant need not produce and need not list on Defendant's privilege log any documents: (i) constituting privileged communications between counsel for Defendant and current and/or former employees of Defendant on or after May 27, 2016; or (ii) constituting work-product material prepared by or on behalf of counsel for Defendant on or after May 27, 2016. Defendant agrees that Plaintiff need not produce and need not list on Plaintiff's privilege log any documents: (i) constituting privileged communications between counsel for Plaintiff and Plaintiff on or after May 27, 2016; or (ii) constituting work-product material prepared by or on behalf of counsel for Plaintiff on or after May 27, 2016.

    b. Inadvertent Disclosure of Privilege Documents: Pursuant to Federal Rule of Evidence 502, the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or work-product protection shall not waive the privilege or protection for either that document or the subject matter of that document.

Page 4

Except in the event that the receiving party disputes the claim, any document that the producing party deems to have been inadvertently disclosed and subject to the attorney-client privilege or work-product protection shall be, upon written or electronic request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, then a single copy of the document may be retained by the receiving party for the exclusive purpose of seeking a judicial determination of the matter.

    c. Stipulated Protective Order: The parties have agreed to a Stipulated Protective Order governing the disclosure and use of certain confidential documents and information during this litigation. The Order is submitted concurrently herewith for the Court's consideration.

5. Rule 30(b)(6) Deposition: The parties do not anticipate the need for a Rule 30(b)(6) deposition at this time.

6. Discovery Cutoff Deadline: All discovery shall be commenced or served in time to be completed by **September 30, 2019**.

7. Supplementation: Supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(e) shall be served by **August 16, 2019**, except with respect to rebuttal experts. The supplemental disclosures served forty-five (45) days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment.

C. Proposed Deadlines for Discovery

1. Disclosure of Expert Witness Information: Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by Plaintiff by **June 28, 2019**, and by Defendant by **July 31, 2019**. Disclosures and reports by any rebuttal experts shall be served within 30 days after the opposing party's disclosure; provided, however, that Defendant's rebuttal to Plaintiff's experts shall not be due until the later of thirty (30) days after Plaintiff's service of expert reports or Defendant's deadline for service of expert reports.

2. Joinder of Additional Parties: Any motion for leave to join additional parties shall be filed only with leave of court.

3. Amending Pleadings: Any amended pleading shall be filed only with leave of court. The parties are allowed until **May 30, 2019** to file any motion for leave to further amend the pleadings.

4. Motions: All potentially dispositive motions shall be filed by **October 31, 2019**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) or similar case law, shall be filed by the deadline set for dispositive motions.

D. Settlement/Mediation: The parties concur that settlement cannot be properly evaluated at this time, but that a settlement conference before a U.S. Magistrate Judge may be appropriate at a later date.

E. Consent to U.S. Magistrate Judge: The parties do not consent to the trial of this matter being conducted before a U.S. Magistrate Judge.

F. Pretrial Conference: The parties request a final pretrial conference with the Court one month prior to the scheduled trial date. The parties do not request a pretrial conference prior to the Court's entry of its case management order.

G. Trial: The case should be ready for trial by December 2019 and take approximately 4-5 days.

H. Related Cases: The parties are not aware of any other cases related to the instant matter that raise potential issues of consolidation or assignment.

I. Scheduling Issues: One of Defendant's primary witnesses has a family member with a severe health condition that could impact scheduling in this case, including discovery and trial. The parties agree to work together in good faith in scheduling any matters affected by the availability of counsel or witnesses in this case.

This 5th day of March 2019.

      Respectfully Submitted,

      WILLIAM P. BARR
      Attorney General
      U.S. Department of Justice
      Defendant

      G. ZACHARY TERWILLIGER
      United States Attorney

By:   /s/ Daniel P. Shean
      Daniel P. Shean, Assistant U.S. Attorney
      United States Attorney's Office
      101 West Main Street, Suite 8000
      Norfolk, Virginia 23510-1671
      Phone: (757) 441-6331

Fax: (757) 441-6689
Email: Daniel.Shean@usdoj.gov
Virginia State Bar No. 84432
Counsel for Defendant

CARRIE D. RANDA
Plaintiff

By: /s/ Joseph E. Zeszotarski
Joseph E. Zeszotarski, Jr., Esq.
Gammon, Howard & Zeszotarski, PLLC
115 ½ West Morgan Street
Raleigh, North Carolina 27601
Phone: (919) 521-5878
Fax: (919) 882-1898
Email: jzeszotarski@ghz-law.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that, on the 5th day of March, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing ("NEF") to the following:

| | |
|---|---|
| John P. O'Hale, Esq. | Joseph E. Zeszotarski, Jr., Esq. |
| Narron, O'Hale & Whittington | Gammon, Howard & Zeszotarski, PLLC |
| P.O. Box 1567 | 115 ½ West Morgan Street |
| Smithfield, North Carolina 27577 | Raleigh, North Carolina 27601 |
| Phone: (919) 934-6021 | Phone: (919) 521-5878 |
| Fax: (919) 934-6280 | Fax: (919) 882-1898 |
| Email: knarron@nowlaw.com | Email: jzeszotarski@ghz-law.com |
| Counsel for Plaintiff | Counsel for Plaintiff |

By:   /s/ Daniel P. Shean
       Daniel P. Shean, Assistant U.S. Attorney
       United States Attorney's Office
       101 West Main Street, Suite 8000
       Norfolk, Virginia 23510-1671
       Phone: (757) 441-6331
       Fax: (757) 441-6689
       Email: Daniel.Shean@usdoj.gov
       Virginia State Bar No. 84432
       Counsel for Defendant