# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# Case No. 5:18-CV-19-FL

**CARRIE D. RANDA,**
      Plaintiff,

v.

**WILLIAM P. BARR,**
Attorney General of U.S.
Department of Justice,
      Defendant.

## ORDER

This matter is before the Court on the Motion to Seal Excerpts of Defendant's Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC"), filed by Defendant, William P. Barr, in his official capacity as Attorney General of the U.S. Department of Justice, pursuant to Local Civil Rule 79.2. Defendant seeks leave to file under seal limited excerpts of Defendant's Opposition to Plaintiff's Motion for Leave to File the SAC. Specifically, Defendant seeks permission to redact the names of any alleged comparator Assistant U.S. Attorneys ("AUSAs") contained in Defendant's Opposition and the exhibit attached thereto, a declaration provided by Sherry Bowden, Human Resources Officer for the U.S. Attorney's Office for the Eastern District of North Carolina ("USAO"). Plaintiff does not oppose Defendant's request to redact the names of alleged comparator AUSAs in filings with the Court. For the following reasons, Defendant's Motion is **GRANTED**:

1. The common law and the First Amendment protect the public's right of access to judicial records. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

Under the common law, the public enjoys a presumptive right to inspect and copy judicial records and documents. *Id*. (citing *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597 (1978)). This presumption, however, may be overcome if competing interests outweigh the public's interest in access. *Id*. Where access to judicial documents is protected by the First Amendment, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id*. The First Amendment guarantee of access has been extended to only particular judicial records and documents, such as documents filed in connection with a summary judgment motion in a civil case. *Id*. (citing *Rushford v. The New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment presumption of access applies to the documents at issue in this case.

2. The information contained in Defendant's Opposition and supporting declaration concerning the alleged comparator AUSAs originates from employment records maintained by the USAO, which are protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, absent application of one of several exceptions authorizing disclosure set forth in the statute. 5 U.S.C. § 552a(b). The government has a compelling interest in ensuring compliance with the Privacy Act in connection with its filings, and in ensuring that it refrains from publicly disclosing protected employment information concerning the alleged comparator AUSAs, all of whom are non-managerial employees and are not accused of discrimination or retaliation by Plaintiff. The proposed redactions are narrowly tailored to protect this important interest, as they conceal the specific identity of each alleged comparator AUSA while still providing the public with access to information to determine whether, as Plaintiff alleges, other similarly situated individuals at the USAO outside Plaintiff's protected class were treated differently than Plaintiff to such a degree that Plaintiff may state a plausible discrimination claim. Additionally, viewing the proposed

redactions in light of the overall content of Defendant's Opposition, "[t]he proposed redactions are modest, leaving much of the content intact." *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, Civ. No. 09-0100, 2015 WL 1242684, at *3 (D. Md. Mar. 17, 2015) (unpublished). Under such circumstances, the proposed redactions are reasonable and will be accepted. *See id*.

**SO ORDERED:**

This  15th  day of     March            , 2019

_____
UNITED STATES DISTRICT JUDGE