IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-19-FL

| | |
|---|---|
| CARRIE D. RANDA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>WILLIAM P. BARR, Attorney General of )<br>the United States Department of Justice, )<br>)<br>Defendant. ) | ORDER |

This matter is before the Court on the Motion to Seal Excerpts of Defendant's Answer to the Second Amended Complaint ("SAC"), filed by Defendant, William P. Barr, in his official capacity as Attorney General of the U.S. Department of Justice. Pursuant to Local Civil Rule 79.2, Section V.G of the Court's CM/ECF Policy Manual, and Paragraph 6 of the Court's Stipulated Protective Order (ECF No. 44) entered in this action.

**DISCUSSION**

The court finds as follows:

1. On March 11, 2019, the Court entered a Stipulated Protective Order in this action. ECF No. 44. Defendant sought entry of the Stipulated Protective Order in order to provide Plaintiff with information concerning or evidencing criminal case-related communications related to the criminal cases to which Plaintiff was previously assigned as an Assistant U.S. Attorney

("AUSA") and information concerning other non-managerial AUSAs formerly or currently employed at the U.S. Attorney's Office ("USAO"), the disclosure of which may violate the Privacy Act, 5 U.S.C. § 552a, the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and/or the work-product doctrine, absent the entry of a protective order. Id. The Stipulated Protective Order provided for the designation of certain "Confidential Material," including information concerning or evidencing internal USAO documents related to the criminal cases to which Plaintiff was previously assigned as an AUSA, as well as the employment status and/or treatment of non-managerial AUSAs (other than Plaintiff) formerly or currently employed at the USAO. Id. ¶ 1. The Stipulated Protective Order further provided for the public filing of documents containing such information in redacted form, with the first and last name of non-managerial AUSAs formerly or currently employed at the USAO (excluding Plaintiff) redacted, and the case name, case number, defendant name, and witness names redacted from documents related to the cases to which Plaintiff was previously assigned as an AUSA. Id. ¶ 6.

2. On April 23, 2019, Plaintiff filed her Second Amended Complaint ("SAC") in this action. ECF No. 51. The SAC contains numerous allegations regarding several non-managerial AUSAs formerly or currently employed at the USAO, the USAO's treatment of such AUSAs, and the criminal cases to which Plaintiff was previously assigned as an AUSA. Id.

3. In order to fully respond to Plaintiff's allegations in accordance with the terms of the Stipulated Protective Order and in compliance with the Privacy Act and all applicable privileges and protections, Defendant seeks leave to file under seal limited excerpts of Defendant's Answer to the SAC. The proposed redactions include the names of

4. non-managerial AUSAs, information concerning the employment status and/or treatment of such AUSAs, and the names and case numbers of specific criminal cases, case numbers, and defendants referenced in the SAC.

4. The common law and the First Amendment protect the public's right of access to judicial records. Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Under the common law, the public enjoys a presumptive right to inspect and copy judicial records and documents. Id. (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). This presumption, however, may be overcome if competing interests outweigh the public's interest in access. Id. Where access to judicial documents is protected by the First Amendment, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Id. The First Amendment guarantee of access has been extended to only particular judicial records and documents, such as documents filed in connection with a summary judgment motion in a civil case. Id. (citing Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988).

5. The Government has a compelling interest in preserving the confidentiality of non-public information related to current and former employees of the USAO and the criminal cases referenced in the SAC. The Government also has a compelling interest in ensuring compliance with the Privacy Act and other applicable privileges in connection with its filings. The proposed redactions are narrowly tailored to protect these important interests. Additionally, viewing the proposed redactions in light of the overall content of Defendant's Answer, "[t]he proposed redactions are modest, leaving much of the content intact." Charter Oak Fire Ins. Co. v. Am. Capital, Ltd., Civ. No. 09-0100, 2015 WL 1242684, at *3 (D. Md.

Mar. 17, 2015) (unpublished). Under such circumstances, the proposed redactions are reasonable and should be accepted. See id.

## CONCLUSION

Based on the foregoing, defendant's motion to seal (DE 53) is GRANTED. The clerk is DIRECTED to lodge defendant's proposed redacted answer (DE 54-1) on the docket.

SO ORDERED, this the 31st day of May, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge