IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-19-FL

| | | |
|---|---|---|
| CARRIE D. RANDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM P. BARR, | ) | |
| Attorney General of the | ) | |
| United States Department of Justice, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Seal Excerpts of her Second Amended Complaint ("SAC"). See DE 58. Pursuant to Local Civil Rule 79.2, Section V.G of the Court's CM/ECF Policy Manual, Paragraphs 6 & 8 of the Court's Stipulated Protective Order (DE 44), and the consent of the parties, Plaintiff's Motion is hereby **GRANTED**.

## DISCUSSION

The Court finds and concludes as follows:

1. On March 11, 2019, the Court entered a Stipulated Protective Order in this action. See DE 44. As appears of record, Defendant sought entry of the Stipulated Protective Order to protect information disclosed during the course of discovery concerning the U.S. Attorney's Office

1

for the Eastern District of North Carolina ("USAO") that Defendant contends is privileged and sensitive. See DE 44 & 55 at ¶ 1.

2. On January 31, 2019, Randa filed her proposed SAC with the Court. See DE 31-1. The Court granted in part and denied in part Randa's motion for leave to amend her complaint; and on April 23, 2019, Randa filed her SAC in this action. See DE 51. The SAC contains claims referencing non-managerial AUSAs formerly or currently employed at the USAO, management's treatment of those AUSAs, Randa's work on certain criminal cases as an AUSA, and various other matters.

3. In order to avoid the inadvertent ascertainment of Confidential Material by third parties, and for the Government to comply with the Privacy Act, 5 U.S.C. § 552a, and other obligations, Plaintiff seeks to seal limited excerpts of her SAC. The proposed redactions include the names of non-managerial AUSAs, information concerning the employment status and/or treatment of such AUSAs, and the names and case numbers of specific criminal cases and criminal defendants referenced in the SAC.

4. The common law and the First Amendment protect the public's right of access to judicial records. Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Under the common law, the public enjoys a presumptive right to inspect and copy judicial records and documents. Id. (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). This presumption, however, may be overcome if competing interests outweigh the public's interest in access. Id. Where access to judicial documents is protected by the First Amendment, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Id. The First Amendment guarantee of access has been extended to only particular judicial records and documents, such as documents filed in connection

with a summary judgment motion in a civil case. Id. (citing Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The Court assumes, without deciding, that the First Amendment guarantee of access applies to the complaint considered here, but the Court determines that the equities of this matter nevertheless permit the sealing of limited portions of Plaintiff's SAC.

5. The Court notes that Defendant William P. Barr, in his official capacity as Attorney General of the United States Department of Justice, joins in Plaintiff's Motion to Seal.

6. The Government has a compelling interest in preserving the confidentiality of non-public information related to current and former employees of the USAO and the criminal cases referenced in the SAC. The Government also has a compelling interest in ensuring compliance with the Privacy Act, 5 U.S.C. § 552a, in connection to the filings in this action. Plaintiff's proposed redactions are narrowly tailored to protect those interests. Additionally, in light of the redactions approved by the Court in Defendant's Answer, Plaintiff's "proposed redactions are modest, leaving much of the content intact." Charter Oak Fire Ins. Co. v. Am. Capital, Ltd., Civ. No. 09-0100, 2015 WL 1242684, at *3 (D. Md. Mar. 17, 2015) (unpublished). Under such circumstances, the proposed redactions are reasonable and should be accepted. See id.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Seal (DE 58) is hereby **GRANTED**. Plaintiff is directed to lodge her Proposed Redacted SAC (DE 58-1 & DE 58-2) on the docket as a separate entry upon the filing of this Order. The Clerk is directed to seal Randa's unredacted SAC (DE 51) as well as its attachment (DE 51-1). Nothing in this Order alters the schedule and deadlines announced in the Court's Case Management Order in this matter, see DE 40, or any other time limit or computation of time under the Federal Rules of Civil Procedure or the Court's Local Rules.

SO ORDERED, this the __13th__ day of June, 2019.

_____
LOUISE W. FLANAGAN
United States District Court Judge