UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-CV-19-FL

CARRIE D. RANDA,
        Plaintiff,

v.                                         ORDER

WILLIAM P. BARR,
Attorney General of U.S.
Department of Justice,
        Defendant.

## ORDER

This matter is before the Court on the Motion to Seal Excerpts of Defendant's Opposition to Plaintiff's Motion to Compel Discovery (ECF No. 80) and supporting Exhibits A, B, C, D, and E (ECF Nos. 80-1 to 80-5), filed by Defendant, William P. Barr, in his official capacity as Attorney General of the U.S. Department of Justice. Pursuant to Local Civil Rule 79.2, Section V.G of the Court's CM/ECF Policy Manual, and the Court's Stipulated Protective Order (ECF No. 44) entered in this action, and for the following reasons, the Motion is **GRANTED**:

    1.      On March 11, 2019, the Court entered a Stipulated Protective Order in this action. ECF No. 44. Defendant sought entry of the Stipulated Protective Order in order to provide Plaintiff with information concerning or evidencing criminal case-related communications related to the criminal cases to which Plaintiff was previously assigned as an Assistant U.S. Attorney ("AUSA") and information concerning other non-managerial AUSAs formerly or currently employed at the U.S. Attorney's Office ("USAO"), the disclosure of which may violate the Privacy Act, 5 U.S.C. § 552a, the law enforcement privilege, the deliberative process

privilege, the attorney-client privilege, and/or the work-product doctrine, absent the entry of a protective order. *Id.* The Stipulated Protective Order provided for the designation of certain "Confidential Material," including information concerning or evidencing internal USAO documents related to the criminal cases to which Plaintiff was previously assigned as an AUSA, as well as the employment status and/or treatment of non-managerial AUSAs (other than Plaintiff) formerly or currently employed at the USAO. *Id.* ¶ 1. The Stipulated Protective Order further provided for the public filing of documents containing such information in redacted form, with the first and last name of non-managerial AUSAs formerly or currently employed at the USAO (excluding Plaintiff) redacted, and the case name, case number, defendant name, and witness names redacted from documents related to the cases to which Plaintiff was previously assigned as an AUSA. *Id.* ¶ 6.

2. On October 10, 2019, Plaintiff filed a Motion to Compel Discovery and supporting Memorandum (ECF Nos. 70, 70-1, 70-2), as well as a corresponding Motion to Seal and supporting Memorandum (ECF Nos. 71, 71-1).[1] Plaintiff's Motion to Compel Discovery contains sensitive and personal employment information concerning several alleged comparator AUSAs at the USAO. *See* ECF Nos. 70, 70-1, 70-2, 72, 72-1, 72-2. As a result, Plaintiff sought leave to file under seal the entire contents of her Motion to Compel and supporting Memorandum. *See* ECF No. 71-1.

3. On October 24, 2019, Defendant filed an Opposition to Plaintiff's Motion to Compel Discovery (ECF No. 80) and supporting Exhibits A, B, C, D, and E (ECF Nos. 80-1, 80-

---

[1] Pursuant to the Court's instructions and the requirements of the Court's CM/ECF Policies and Procedure Manual, Plaintiff also later re-filed the Motion to Compel Discovery and supporting Memorandum on October 11, 2019. *See* ECF Nos. 72 & 73.

2, 80-3, 80-4, and 80-5). Defendant's Opposition and supporting Exhibits A, B, C, D, and E contain sensitive and personal employment information concerning several non-managerial alleged comparator AUSAs at the USAO. Additionally, supporting Exhibits A, C, and E are marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the Stipulated Protective Order. The Opposition and supporting Exhibits contain confidential and sensitive personnel information obtained from the USAO, as well as the names of several non-managerial AUSAs covered under the parties' Stipulated Protective Order.

4. The common law and the First Amendment protect the public's right of access to judicial records. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Under the common law, the public enjoys a presumptive right to inspect and copy judicial records and documents. *Id.* (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). This presumption, however, may be overcome if competing interests outweigh the public's interest in access. *Id.* Where access to judicial documents is protected by the First Amendment, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* The First Amendment guarantee of access has been extended to only particular judicial records and documents, such as documents filed in connection with a summary judgment motion in a civil case. *Id.* (citing *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). For purposes of this Motion, the Court assumes that the First Amendment presumption of access applies.

5. The information contained in Defendant's Opposition and supporting Exhibits concerning the alleged comparator AUSAs originates from employment records maintained by the USAO, which are protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, absent application of one of several exceptions authorizing disclosure set forth in the statute. 5 U.S.C. §

552a(b). The Government has a compelling interest in ensuring compliance with the Privacy Act in connection with its filings, and in ensuring that it refrains from publicly disclosing protected employment information concerning the alleged comparator AUSAs, all of whom are non-managerial employees and are not accused of discrimination or retaliation by Plaintiff. The proposed redactions are narrowly tailored to protect this important interest, as they conceal the specific identity of each alleged comparator AUSA while still providing the public with access to information to determine the substance of each party's arguments for or against discovery. Additionally, viewing the proposed redactions in light of the overall content of Defendant's Opposition, "[t]he proposed redactions are modest, leaving much of the content intact." *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, Civ. No. 09-0100, 2015 WL 1242684, at *3 (D. Md. Mar. 17, 2015) (unpublished). Under such circumstances, the proposed redactions are reasonable and should be accepted. *See id.*

6. The only alternative to the proposed redactions—filing an unsealed version of Defendant's Opposition and supporting Exhibits—would be insufficient to protect the Government's interest in this case because it would require the public airing of protected employment information concerning AUSAs who are not managerial employees and not accused of any wrongdoing by Plaintiff.

7. In order to accommodate the Government's compelling interest, and in accordance with the terms of the Stipulated Protective Order, the Court **GRANTS** Defendant leave to file under seal the proposed excerpts of Defendant's Opposition to Plaintiff's Motion to Compel Discovery, as well as supporting Exhibits A, B, C, D, and E. The Clerk of Court is **DIRECTED** to lodge Defendant's proposed redacted Opposition to Plaintiff's Motion to

Compel (ECF No. 80) and supporting Exhibits A, B, C, D, and E (ECF Nos. 80-1 to 80-5) on the docket.

It is **SO ORDERED.**

This __26th__ day of _____November_____, 2019

_____
UNITED STATES DISTRICT JUDGE