# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# Case No. 5:18-CV-19-FL

**CARRIE D. RANDA,**
       **Plaintiff,**

    v.                                    **ORDER**

**WILLIAM P. BARR,**
**Attorney General of U.S.**
**Department of Justice,**
       **Defendant.**

## **ORDER**

This matter is before the Court on the Motion to Seal Excerpts of Defendant's Statement of Material Facts (ECF No. 75), Appendix (ECF No. 76), and Memorandum in Support of Defendant's Motion for Summary Judgment (ECF No. 77), filed by Defendant, William P. Barr, in his official capacity as Attorney General of the U.S. Department of Justice. Pursuant to Local Civil Rule 79.2, Section V.G of the Court's CM/ECF Policy Manual, and the Court's Stipulated Protective Order (ECF No. 44) entered in this action, and for the following reasons, the Motion is **GRANTED**:

    1.    On March 11, 2019, the Court entered a Stipulated Protective Order in this action. ECF No. 44. Defendant sought entry of the Stipulated Protective Order in order to provide Plaintiff with information concerning or evidencing criminal case-related communications related to the criminal cases to which Plaintiff was previously assigned as an Assistant U.S. Attorney ("AUSA") and information concerning other non-managerial AUSAs formerly or currently employed at the U.S. Attorney's Office ("USAO"), the disclosure of which may violate

the Privacy Act, 5 U.S.C. § 552a, the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and/or the work-product doctrine, absent the entry of a protective order. *Id*. The Stipulated Protective Order provided for the designation of certain "Confidential Material," including information concerning or evidencing internal USAO documents related to the criminal cases to which Plaintiff was previously assigned as an AUSA, as well as the employment status and/or treatment of non-managerial AUSAs (other than Plaintiff) formerly or currently employed at the USAO. *Id*. ¶ 1. The Stipulated Protective Order further provided for the public filing of documents containing such information in redacted form, with the first and last name of non-managerial AUSAs formerly or currently employed at the USAO (excluding Plaintiff) redacted, and the case name, case number, defendant name, and witness names redacted from documents related to the cases to which Plaintiff was previously assigned as an AUSA. *Id*. ¶ 6.

2. On October 22, 2019, Defendant filed a Motion for Summary Judgment (ECF No. 74), Statement of Material Facts (ECF No. 75), Appendix (ECF No. 76), and Memorandum in Support of Defendant's Motion for Summary Judgment (ECF No. 77). The Statement of Material Facts and Memorandum in Support of Defendant's Motion for Summary Judgment contain detailed factual averments related to the criminal cases to which Plaintiff was previously assigned as an AUSA, including internal case-related communications between Plaintiff and her former supervisors at the USAO. Additionally, nearly all of the supporting exhibits appended to the Appendix are marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the Stipulated Protective Order. The Statement of Material Facts, Memorandum in Support of Defendant's Motion for Summary Judgment, and exhibits appended to the Appendix contain confidential communications and information that is protected by the law enforcement

privilege, the deliberative process privilege, the attorney-client privilege, and/or the work-product doctrine.

3. The common law and the First Amendment protect the public's right of access to judicial records. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Under the common law, the public enjoys a presumptive right to inspect and copy judicial records and documents. *Id.* (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). This presumption, however, may be overcome if competing interests outweigh the public's interest in access. *Id.* Where access to judicial documents is protected by the First Amendment, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* The First Amendment guarantee of access has been extended to only particular judicial records and documents, such as documents filed in connection with a summary judgment motion in a civil case. *Id.* (citing *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, the First Amendment presumption of access applies in this case.

4. Defendant has a compelling governmental interest in preserving the confidentiality of non-public information related to the criminal cases to which Plaintiff was previously assigned as an AUSA, including internal case-related communications between Plaintiff and her former supervisors at the USAO. Defendant also has a compelling interest in ensuring compliance with all applicable privileges in connection with its filings, including the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and the work-product doctrine. In order to accommodate these compelling interests, and in accordance with the terms of the Stipulated Protective Order, the Court **GRANTS** Defendant leave to file under seal those excerpts of Defendant's Statement of Material Facts and

Memorandum in Support of Defendant's Motion for Summary Judgment that identify and discuss the criminal cases to which Plaintiff was previously assigned as an AUSA, including internal case-related communications by Plaintiff or any current or former employee of the USAO.  The Court further **GRANTS** Defendant leave to file under seal those excerpts of Defendant's Appendix that identify the names of specific criminal cases, as well as all supporting exhibits filed with the Appendix.  Those portions of the supporting exhibits that contain information that is not confidential and subject to the requirements of the Stipulated Protective Order are adequately summarized in the non-redacted portions of the Statement of Material Facts filed by Defendant.

5. Defendant's proposed redactions are narrowly tailored to protect Defendant's important interests in preserving the confidentiality of non-public information related to the criminal cases to which Plaintiff was previously assigned as an AUSA, and in ensuring compliance with all applicable privileges in connection with its filings, including the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and the work-product doctrine.  The only alternative to the proposed redactions—filing unsealed versions of all documents and exhibits in support of Defendant's Motion for Summary Judgment—would be insufficient to protect Defendant's compelling interests in this case because it would require the public exposure of confidential, non-public information concerning criminal cases, as well as internal USAO communications and information protected by the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and the work-product doctrine.

6. Based on all of the foregoing, the Defendant is **DIRECTED** to lodge Defendant's proposed redacted Statement of Material Facts (ECF No. 79-1), Appendix (ECF No.

79-2), and Memorandum in Support of Defendant's Motion for Summary Judgment (ECF No. 79-3) on the docket within five (5) days of the date of this order.

It is **SO ORDERED.**

This 26th day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE