IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CV-19-FL

| | | |
|---|---|---|
| CARRIE D. RANDA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER GRANTING** |
| | ) | **PLAINTIFF'S MOTION TO SEAL** |
| WILLIAM P. BARR, | ) | |
| Attorney General, U.S. Department of Justice, | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the Motion to Seal Excerpts of Plaintiff's Motion to Compel. See DE 83. Pursuant to Local Civil Rule 79.2, Section V.G of the Court's CM/ECF Policy Manual, and the Court's Stipulated Protective Order (DE 44) entered in this action, and for the following reasons, the Motion is **GRANTED**:

1. On March 11, 2019, the Court entered a Stipulated Protective Order in this action. See DE 44. Defendant sought entry of the Stipulated Protective Order in order to provide Plaintiff with information concerning or evidencing criminal case-related communications related to the criminal cases to which Plaintiff was previously assigned as an Assistant U.S. Attorney ("AUSA") and information concerning other non-managerial AUSAs formerly or currently employed at the U.S. Attorney's Office ("USAO"), the disclosure of which may violate the Privacy Act, 5 U.S.C. § 552a, the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and/or the work-product doctrine, absent the entry of a protective order. Id. The Stipulated Protective Order provided for the designation of certain "Confidential Material," including information concerning or evidencing internal USAO documents related to the criminal

1

cases to which Plaintiff was previously assigned as an AUSA, as well as the employment status and/or treatment of non-managerial AUSAs (other than Plaintiff) formerly or currently employed at the USAO. Id. ¶ 1. The Stipulated Protective Order further provided for the public filing of documents containing such information in redacted form, with the first and last name of non-managerial AUSAs formerly or currently employed at the USAO (excluding Plaintiff) redacted, and the case name, case number, defendant name, and witness names redacted from documents related to the cases to which Plaintiff was previously assigned as an AUSA. Id. ¶ 6.

2. On October 10, 2019, Plaintiff filed a Motion to Compel Discovery with supporting documents. See DE 70 and 72 (corrected and re-filed). The Motion to Compel and its supporting documents contain detailed factual information related to the criminal cases to which Plaintiff was previously assigned as an AUSA, including internal case-related communications between Plaintiff and her former supervisors at the USAO. Additionally, the supporting exhibit attached to the Motion (DE 72-1) contains pages marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the Stipulated Protective Order. The Motion to Compel, Memorandum in Support of Plaintiff's Motion to Compel, and attached exhibit contain confidential information that is protected by the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and/or the work- product doctrine.

3. The common law and the First Amendment protect the public's right of access to judicial records. Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Under the common law, the public enjoys a presumptive right to inspect and copy judicial records and documents. Id. (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). This presumption, however, may be overcome if competing interests outweigh the public's interest in access. Id. Where access to judicial documents is protected by the First Amendment, "access may

be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Id. The First Amendment guarantee of access has been extended to only particular judicial records and documents, such as documents filed in connection with a summary judgment motion in a civil case. Id. (citing Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, the First Amendment presumption of access applies in this case.

4. Defendant has a compelling governmental interest in preserving the confidentiality of non-public information related to the criminal cases to which Plaintiff was previously assigned as an AUSA, including internal case-related communications between Plaintiff and her former supervisors at the USAO. Defendant also has a compelling interest in ensuring compliance with all applicable privileges in connection with public filings, including the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and the work-product doctrine. In order to accommodate these compelling interests, and in accordance with the terms of the Stipulated Protective Order, the Court **GRANTS** Plaintiff leave to file under seal those excerpts of Plaintiff's Motion to Compel Discovery, Memorandum in Support of Plaintiff's Motion to Compel Discovery, and the attached exhibit that identify and discuss the criminal cases to which Plaintiff was previously assigned as an AUSA, including internal case-related communications by Plaintiff or any current or former employee of the USAO.

5. Plaintiff's proposed redactions are narrowly tailored to protect Defendant's important interests in preserving the confidentiality of non-public information related to non-managerial AUSA employees, and the criminal cases to which Plaintiff was previously assigned as an AUSA, and in ensuring compliance with all applicable privileges in connection with public filings, including the law enforcement privilege, the deliberative process privilege, the attorney-

client privilege, and the work-product doctrine. The only alternative to the proposed redactions—filing unsealed versions of all documents and exhibits in support of Plaintiff's Motion to Compel Discovery—would be insufficient to protect Defendant's compelling interests in this case because it would require the public exposure of confidential, non-public information concerning criminal cases, as well as internal USAO communications and information protected by the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and the work-product doctrine.

6. Based on all of the foregoing, the Clerk of Court is DIRECTED to lodge Plaintiff's Motion to Compel Discovery (DE 72), its exhibit (DE 72-1), and Memorandum in Support of Plaintiff's Motion to Compel Discovery (DE 73) on the docket as sealed entries.

It is SO ORDERED.

This the __26th__ day of November, 2019.

_____
LOUISE W. FLANAGAN
UNITED STATES DISTRICT COURT