UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-CV-19-FL

CARRIE D. RANDA,
        Plaintiff,

v.                                          ORDER

WILLIAM P. BARR,
Attorney General of U.S.
Department of Justice,
        Defendant.

## ORDER

This matter is before the Court on the Motion to Seal Defendant's Motion to Exclude Plaintiff's Treating Providers (ECF No. 87) and Memorandum of Law in Support of Defendant's Motion to Exclude (ECF No. 88) and supporting exhibits (ECF Nos. 88-1 to 88-8), filed by Defendant, William P. Barr, in his official capacity as Attorney General of the U.S. Department of Justice. Pursuant to Local Civil Rule 79.2, Section V.G of the Court's CM/ECF Policy Manual, and the Court's Stipulated Protective Order (ECF No. 44) and Consent Protective Order (ECF No. 65) entered in this action, and for the following reasons, the Motion is **GRANTED**:

      1.     On March 11, 2019, the Court entered a Stipulated Protective Order in this action. ECF No. 44. Defendant sought entry of the Stipulated Protective Order in order to provide Plaintiff with information concerning or evidencing criminal case-related communications related to the criminal cases to which Plaintiff was previously assigned as an Assistant U.S. Attorney ("AUSA") and information concerning other non-managerial AUSAs formerly or currently employed at the U.S. Attorney's Office ("USAO"), the disclosure of which may violate

the Privacy Act, 5 U.S.C. § 552a, the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and/or the work-product doctrine, absent the entry of a protective order. *Id*. Plaintiff, in turn, requested a protective order to permit her to provide Defendant with documents and information concerning or evidencing those medical records relevant to her claims in this case. *Id*. The Stipulated Protective Order provides for the designation of certain "Confidential Material," including any information and documents disclosed to Defendant by Plaintiff during discovery concerning or evidencing Plaintiff's medical records or medical condition. *Id*. ¶ 1. Paragraph 8 of the Stipulated Protective Order sets forth the procedure for the filing of "Confidential Material" under seal. *Id*. ¶ 8.

2. On August 1, 2019, the Court entered a Consent Protective Order in this action. ECF No. 65. Plaintiff sought entry of the Consent Protective Order in order to her safeguard personal and confidential medical information, including records produced by her current and former health care providers in connection with this litigation. *Id*. Pursuant to the Consent Protective Order, if either party wishes to use such records or their contents in a filing with the Court, or to include in a court filing a deposition transcript that refers to the contents of such records, then the filing party shall seek to have that portion of the filing made under seal, and contemporaneously the filing party shall file a motion to seal that complies with Paragraph 8 of the Stipulated Protective Order. *Id*.

3. On October 31, 2019, Defendant filed a Motion to Exclude Plaintiff's Treating Providers (ECF No. 87) and supporting Memorandum (ECF No. 84) and exhibits (ECF Nos. 88-1 to 88-8). Defendant's Motion and supporting Memorandum and exhibits contain or reference Plaintiff's sensitive and personal medical information relevant to her claim for damages in this action, including the identity of Plaintiff's health care providers and their observations and

conclusions during the course of treatment of Plaintiff.  Additionally, supporting Exhibits C, D, and H (ECF Nos. 88-3, 88-4, and 88-8) are marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the Stipulated Protective Order.

4.	The common law and the First Amendment protect the public's right of access to judicial records.  *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).  Under the common law, the public enjoys a presumptive right to inspect and copy judicial records and documents.  *Id.* (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).  This presumption, however, may be overcome if competing interests outweigh the public's interest in access.  *Id.*  Where access to judicial documents is protected by the First Amendment, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest."  *Id.*  The First Amendment guarantee of access has been extended to only particular judicial records and documents, such as documents filed in connection with a summary judgment motion in a civil case.  *Id.* (citing *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  For purposes of this Motion, Defendant assumes that the First Amendment presumption of access applies.

5.	The information contained in Defendant's Motion and supporting Memorandum and exhibits originates from Plaintiff's medical records, which are designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in this action and contain Plaintiff's sensitive and confidential medical information.  The Government has a compelling interest in ensuring the confidentiality of Plaintiff's personal medical information in connection with its filings, in ensuring that it refrains from publicly disclosing such information, and in ensuring compliance with the Consent Protective Order (ECF No. 65) entered in this action.

6. The alternative to sealing—filing an unsealed version of Defendant's Motion and supporting Memorandum and exhibits—would be insufficient to protect the Government's interest in this case because it would require the public disclosure of Plaintiff's personal and confidential medical information. Because Plaintiff's personal and confidential medical information is referenced throughout the entirety of Defendant's supporting Memorandum and exhibits, the redaction of portions of such documents would be impractical and would not be sufficient to safeguard Plaintiff's personal and confidential medical information.

7. As evidenced by her request for the Consent Protective Order (ECF No. 65) and endorsement of the Stipulated Protective Order (ECF No. 44), Plaintiff does not object to the entry of an order sealing her personal and confidential medical information from public disclosure.

8. In order to accommodate the Government's compelling interest, and in accordance with the terms of the Stipulated Protective Order and the Consent Protective Order, the Court **GRANTS** Defendant leave to file under seal Defendant's Motion to Exclude Plaintiff's Treating Providers (ECF No. 87) and Memorandum of Law in Support of Defendant's Motion to Exclude (ECF No. 88) and supporting exhibits (ECF Nos. 88-1 to 88-8).

It is **SO ORDERED.**

This __26th__ day of _____November_____, 2019.

_____
UNITED STATES DISTRICT JUDGE