IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CV-19-FL

| | |
|---|---|
| CARRIE D. RANDA,<br>    Plaintiff,<br><br>    v.<br><br>WILLIAM P. BARR,<br>Attorney General, U.S. Department of Justice,<br>    Defendant. | **ORDER TO SEAL** |

## ORDER

This matter is before the Court on Plaintiff's Motion to Seal her Opposition (DE 91), and its supporting exhibits, to Defendant's Motion to Exclude Plaintiff's Treating Providers (DE 87). Pursuant to Local Civil Rule 79.2, Section V.G of the Court's CM/ECF Policy Manual, and the Court's Stipulated Protective Order (DE 44) and Consent Protective Order (DE 65) entered in this action, and for the following reasons, the Motion is **GRANTED**.

1.  On March 11, 2019, the Court entered a Stipulated Protective Order in this action. DE 44. Defendant sought entry of the Stipulated Protective Order in order to provide Plaintiff with information concerning or evidencing criminal case-related communications related to the criminal cases to which Plaintiff was previously assigned as an Assistant U.S. Attorney ("AUSA") and information concerning other non-managerial AUSAs formerly or currently employed at the U.S. Attorney's Office ("USAO"), the disclosure of which may violate the Privacy Act, 5 U.S.C. § 552a, the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and/or the work-product doctrine, absent the entry of a protective order. Id. Plaintiff, in turn, requested a protective order to permit her to provide Defendant with documents and information concerning or evidencing those medical records relevant to her claims in this case. Id.

1

The Stipulated Protective Order provides for the designation of certain "Confidential Material," including any information and documents disclosed to Defendant by Plaintiff during discovery concerning or evidencing Plaintiff's medical records or medical condition. Id. ¶ 1. Paragraph 8 of the Stipulated Protective Order sets forth the procedure for the filing of "Confidential Material" under seal. Id. ¶ 8.

2. On August 1, 2019, the Court entered a Consent Protective Order in this action. DE 65. Plaintiff sought entry of the Consent Protective Order in order to her safeguard personal and confidential medical information, including records produced by her current and former health care providers in connection with this litigation. Id. Pursuant to the Consent Protective Order, if either party wishes to use such records or their contents in a filing with the Court, or to include in a court filing a deposition transcript that refers to the contents of such records, then the filing party shall seek to have that portion of the filing made under seal, and contemporaneously the filing party shall file a motion to seal that complies with Paragraph 8 of the Stipulated Protective Order. Id.

3. On October 31, 2019, Defendant filed a Motion to Exclude Plaintiff's Treating Providers (DE 87) and supporting Memorandum (DE 84) and exhibits (DE 88-1 to 88-8). Defendant's Motion and supporting Memorandum and exhibits contain or reference Plaintiff's sensitive and personal medical information relevant to her claim for damages in this action, including the identity of Plaintiff's health care providers and their observations and conclusions during the course of treatment of Plaintiff. Additionally, supporting Exhibits C, D, and H (DE 88-3, 88-4, and 88-8) are marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the Stipulated Protective Order.

4. The common law and the First Amendment protect the public's right of access to judicial records. Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Under the common law, the public enjoys a presumptive right to inspect and copy judicial records and documents. Id. (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). This presumption, however, may be overcome if competing interests outweigh the public's interest in access. Id. Where access to judicial documents is protected by the First Amendment, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Id. The First Amendment guarantee of access has been extended to only particular judicial records and documents, such as documents filed in connection with a summary judgment motion in a civil case. Id. (citing Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). For purposes of his Motion to Seal, Defendant assumes that the First Amendment presumption of access applies. For purposes of her Motion to Seal her Opposition, Plaintiff does not concede that this presumption applies.

5. The information contained in Defendant's Motion and supporting Memorandum and exhibits originates from Plaintiff's medical records, which are designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in this action and contain Plaintiff's sensitive and confidential medical information. Plaintiff's Opposition, likewise, has to discuss that information in order to respond to Defendant's argument. The Government has a compelling interest in ensuring the confidentiality of Plaintiff's personal medical information in connection with its filings, in ensuring that it refrains from publicly disclosing such information, and in ensuring compliance with the Consent Protective Order (DE 65) entered in this action. The Government's compelling interest likewise extends to Plaintiff's Opposition to the Government's Motion.

6. The alternative to sealing—filing an unsealed version of Plaintiff's Opposition and supporting exhibits—would be insufficient to protect the Government's interest and Plaintiff's interests in this case because it would require the public disclosure of Plaintiff's personal and confidential medical information. Because Plaintiff's personal and confidential medical information is referenced throughout the entirety of her Opposition, the redaction of portions of such documents would be impractical and would not be sufficient to safeguard Plaintiff's personal and confidential medical information.

7. As evidenced by his assent to the Consent Protective Order (DE 65) and endorsement of the Stipulated Protective Order (DE 44), as well as his own Motion to Seal (DE 89), Defendant does not object to the entry of an order sealing Plaintiff's Opposition.

8. In order to accommodate the Government's compelling interest, the Plaintiff's interest in the confidentiality of her health care information, and in accordance with the terms of the Stipulated Protective Order and the Consent Protective Order, the Court **GRANTS** Plaintiff leave to file under seal her Opposition to Defendant's Motion to Exclude (DE 91) and its supporting exhibits (DE 91-1 to 91-2).

It is **SO ORDERED**.

This __17th__ day of __December__, 2019.

_____
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE