IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CV-19-FL

CARRIE D. RANDA,                          )
                          Plaintiff,      )
                                          )
              v.                          )                 **ORDER TO SEAL**
                                          )
WILLIAM P. BARR,                          )
Attorney General, U.S. Department of Justice, )
                          Defendant.       )

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Seal (DE 121) the Exhibits

at DE 119 & 120. Pursuant to Local Civil Rule 79.2, Section V.G of the Court's CM/ECF Policy

Manual, and the Stipulated Protective Order (DE 44) and Consent Protective Order (DE 65)

entered in this action, and for the following reasons, Plaintiff's Motion to Seal is **GRANTED**:

        1.      On March 11, 2019, the Court entered a Stipulated Protective Order in this action.

DE 44. Defendant sought entry of the Stipulated Protective Order in order to provide Plaintiff with

information concerning or evidencing criminal case-related communications related to the criminal

cases to which Plaintiff was previously assigned as an Assistant U.S. Attorney ("AUSA") and

information concerning other non-managerial AUSAs formerly or currently employed at the U.S.

Attorney's Office for the Eastern District of North Carolina ("USAO"), the disclosure of which

may violate the Privacy Act, 5 U.S.C. § 552a, the law enforcement privilege, the deliberative

process privilege, the attorney-client privilege, and/or the work-product doctrine, absent the entry

of a protective order. Id. The Stipulated Protective Order provides for the designation of certain

"Confidential Material," including any information and documents disclosed to Plaintiff by

Defendant during discovery concerning or evidencing the treatment of non-managerial AUSAs. <u>Id</u>. ¶ 1. Paragraph 8 of the Stipulated Protective Order sets forth the procedure for the filing of "Confidential Material" under seal.  Id. ¶ 8.

2.    On October 22, 2019, Defendant filed a motion for summary judgment. <u>See</u> DE 74. On April 22, 2020, Plaintiff responded in opposition. <u>See</u> DE 114 - 116. Plaintiff's opposition materials contain detailed factual information and documents referencing comparators employed as AUSAs in the USAO. On April 27, 2020, Plaintiff supplemented her opposition with two separate filings (DE 119 & 120) that were initially too large to be processed by CM/ECF as a single docket entry. Together, DE 119 & 120 are a report concerning a comparator AUSA authored by the U.S. Department of Justice and produced by Defendant to Plaintiff in discovery. Defendant marked the report as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER."

3.    Plaintiff requested leave of this Court to seal the entire report contained at DE 119 & 120 instead of redacting portions of the report.

4.    The common law and the First Amendment protect the public's right of access to judicial records.  <u>Stone v. Univ. of Md. Med. Sys. Corp.</u>, 855 F.2d 178, 180 (4th Cir. 1988). Under the common law, the public enjoys a presumptive right to inspect and copy judicial records and documents. <u>Id</u>. (citing <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978)). This presumption, however, may be overcome if competing interests outweigh the public's interest in access. <u>Id</u>. Where access to judicial documents is protected by the First Amendment, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." <u>Id</u>. The First Amendment guarantee of access has been extended to only particular judicial records and documents, such as documents filed in connection with a summary judgment motion in a civil case. <u>Id</u>. (citing <u>Rushford v. The New Yorker Magazine, Inc.</u>,

846 F.2d 249, 253 (4th Cir. 1988)). The Court concludes that the First Amendment presumption of access applies here.

5.     The detailed information contained in DE 119 & 120 originates from prosecution records and personnel records maintained by the USAO, which are protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, as well as the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and/or the work-product doctrine. The Government has a compelling interest in ensuring compliance with the Privacy Act in connection with court filings, and in ensuring that docket entries refrain from publicly disclosing protected information originating from USAO prosecutions.

6.     In accordance with the March 11, 2019, protective order entered in this matter, good cause exists to seal DE 119 & 120.

7.     Filing an unsealed version of DE 119 & 120 would be insufficient to protect the Government's interest in this case because it would require the public airing of confidential USAO records. Because confidential USAO information is referenced throughout the exhibits at DE 119 & 120, the redaction of portions of those documents would be impractical and would not be sufficient to safeguard the Government's confidential information.

8.     Some of the information contained at DE 119 & 120 may properly be subject to public disclosure. However, outside the context of this action, such public disclosure should occur only after an appropriately filed request and an opportunity for the Government to claim an appropriate exemption, if any is applicable. See, e.g., 5 U.S.C. § 552(b)(5); see also Bartko v. United States DOJ, 898 F.3d 51, 70 (D.C. Cir. 2018) ("… the remainder of the documents that Bartko seeks concerning the investigation into his prosecution were properly withheld under Exemption 5, 5 U.S.C. § 552(b)(5)."). As the Government has not had an opportunity to follow

those procedures here, public disclosure would be premature and unwarranted.

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Seal (DE 121). The

Clerk is DIRECTED to seal DE 119 and DE 120.

SO ORDERED.

LOUISE W. FLANAGAN
United States District Court Judge