UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-CV-19-FL

**CARRIE D. RANDA,**
      **Plaintiff,**

    v.

**WILLIAM P. BARR,**
**Attorney General of U.S.**
**Department of Justice,**
      **Defendant.**

## ORDER

This matter is before the Court on the Motion to Seal Excerpts of the Reply in Support of Defendant's Motion for Summary Judgment (ECF No. 123), Defendant's Reply Statement of Additional Facts (ECF No. 124), and Appendix (ECF No. 125), filed by Defendant, William P. Barr, in his official capacity as Attorney General of the U.S. Department of Justice. Pursuant to Local Civil Rule 79.2, Section V.G of the Court's CM/ECF Policy Manual, and the Court's Stipulated Protective Order (ECF No. 44) entered in this action, and for the following reasons, the Motion is **GRANTED**:

    1.    On March 11, 2019, the Court entered a Stipulated Protective Order in this action. ECF No. 44. Defendant sought entry of the Stipulated Protective Order in order to provide Plaintiff with information concerning or evidencing criminal case-related communications related to the criminal cases to which Plaintiff was previously assigned as an Assistant U.S. Attorney ("AUSA") and information concerning other non-managerial AUSAs formerly or currently employed at the U.S. Attorney's Office ("USAO"), the disclosure of which may violate

the Privacy Act, 5 U.S.C. § 552a, the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, and/or the work-product doctrine, absent the entry of a protective order. *Id.* The Stipulated Protective Order provided for the designation of certain "Confidential Material," including information concerning or evidencing internal USAO documents related to the criminal cases to which Plaintiff was previously assigned as an AUSA, as well as the employment status and/or treatment of non-managerial AUSAs (other than Plaintiff) formerly or currently employed at the USAO. *Id.* ¶ 1. The Stipulated Protective Order further provided for the public filing of documents containing such information in redacted form, with the first and last name of non-managerial AUSAs formerly or currently employed at the USAO (excluding Plaintiff) redacted, and the case name, case number, defendant name, and witness names redacted from documents related to the cases to which Plaintiff was previously assigned as an AUSA. *Id.* ¶ 6.

2. On May 6, 2020, Defendant filed a Reply in Support of Defendant's Motion for Summary Judgment (ECF No. 123), Reply Statement of Additional Facts (ECF No. 124), and Appendix (ECF No. 125). The Reply in Support of Defendant's Motion for Summary Judgment and Defendant's Reply Statement of Additional Facts contain detailed factual averments related to the employment status and treatment of non-managerial AUSAs currently and formerly employed at the USAO. Additionally, the majority of the supporting exhibits appended to the Appendix are marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the Stipulated Protective Order, and/or contain sensitive and confidential personnel information pertaining to AUSAs other than Plaintiff.

3. The common law and the First Amendment protect the public's right of access to judicial records. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

Under the common law, the public enjoys a presumptive right to inspect and copy judicial records and documents. *Id*. (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). This presumption, however, may be overcome if competing interests outweigh the public's interest in access. *Id*. Where access to judicial documents is protected by the First Amendment, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id*. The First Amendment guarantee of access has been extended to only particular judicial records and documents, such as documents filed in connection with a summary judgment motion in a civil case. *Id*. (citing *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, the First Amendment presumption of access applies in this case.

4. Defendant has a compelling governmental interest in preserving the confidentiality of confidential and sensitive personnel information related to the employment status and treatment of non-managerial AUSAs currently and formerly employed at the USAO. Defendant also has a compelling interest in ensuring compliance with the Privacy Act, 5 U.S.C. § 552a and the Stipulated Protective Order entered in this action. In order to accommodate these compelling interests, and in accordance with the terms of the Stipulated Protective Order, the Court **GRANTS** Defendant leave to file under seal those excerpts of the Reply in Support of Defendant's Motion for Summary Judgment and Defendant's Reply Statement of Additional Facts that contain confidential and sensitive personnel information related to the employment status and treatment of non-managerial AUSAs currently and formerly employed at the USAO, or that are otherwise covered by the Stipulated Protective Order in this case. The Court further **GRANTS** Defendant leave to file under seal supporting Exhibits A, B, C, F, G, and H to Defendant's Appendix. Those portions of the supporting exhibits that contain information that is

not confidential and subject to the requirements of the Stipulated Protective Order are adequately summarized in the non-redacted portions of the Reply Statement of Additional Facts filed by Defendant.

5. Defendant's proposed redactions are narrowly tailored to protect Defendant's important interest preserving the confidentiality of confidential and sensitive personnel information related to the employment status and treatment of non-managerial AUSAs currently and formerly employed at the USAO, and in ensuring compliance with the Privacy Act, 5 U.S.C. § 552a and the Stipulated Protective Order entered in this action. The only alternative to the proposed redactions—filing unsealed versions of Defendant's briefing and supporting documents—would be insufficient to protect Defendant's compelling interests in this case because it would require the public exposure of confidential and sensitive personnel information of non-managerial AUSAs.

6. Based on all of the foregoing, the Clerk of Court is **DIRECTED** to lodge Defendant's proposed redacted Reply in Support of Defendant's Motion for Summary Judgment (ECF No. 123) and Reply Statement of Additional Facts (ECF No. 124) on the docket. An unredacted copy of Defendant's Appendix and supporting Exhibits D & E may also be lodged on the docket.

It is **SO ORDERED.**

This <u>29th</u> day of <u>May</u>, 2020

_____
UNITED STATES DISTRICT JUDGE